# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30584
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2018

Lyle W. Cayce
Clerk

CRAIG C. ANDREWS; BEVERLY R. ANDREWS,

> Plaintiffs−Appellants,

versus

LOMAR SHIPPING, LIMITED; MS MAINE TRADER GMBH & COMPANY,
Incorrectly Named as Lomar Corporation, Limited,

> Defendants−Appellees.

Appeals from the United States District Court
for the Eastern District of Louisiana
No. 2:16-CV-14842

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Craig Andrews, a river pilot, along with his wife, sued, in diversity, for alleged injury from climbing a ladder that, he claims, was negligently rigged. The district court granted summary judgment for the defendant companies, explaining its decision in a thorough and detailed nineteen-page Order and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30584

Reasons.  On appeal, Andrews questions whether summary judgment should have been granted in a complex matter, whether the district court should have applied the presumptions from the *Pennsylvania* Rule and *Housely v. Cerise*, whether the court used the wrong caselaw in granting summary judgment, and whether there are genuine issues of material fact.

The district court properly granted summary judgment for want of adequate and competent medical evidence.  As the court carefully explained,

> To create a genuine issue for trial and withstand summary judgment, the plaintiffs must submit competent admissible medical evidence that his hip surgery was caused by the injury he says he suffered climbing the accommodation ladder . . . .  In support of their causation theory, the plaintiffs submit an unsworn letter from a previously-deposed doctor, who states in conclusory fashion that Mr. Andrews's description of his leg position in climbing and maneuvering the ladder "could have resulted in fracture of the antero-superior aspect of the 'socket' of the left hip arthroplasty."

Summarizing the record, the district court explained that "[t]he only evidence on medical causation are two doctors suggesting that the hip revision surgery was necessary due to wear and tear of the hip replacement and one doctor's . . . testimony that he lacks sufficient information to render a medical causation opinion."  The court therefore concludes that "[b]ecause there is no medical expert opining that Mr. Andrews's left hip injury was, more likely than not, caused by the . . . ladder . . ., [there is] a complete absence of record evidence to support the mandatory element of medical causation."

In sum, it is undisputed that Andrews had experienced substantial hip issues before the alleged accident.  As the district court pointed out, nothing in the record supports, to the degree required for liability, Andrews's notion that the incident involving the ladder contributed to his difficulties.  The summary judgment is AFFIRMED, essentially for the reasons comprehensively provided by the district court.